UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT AUTHER GILBERT,

    Petitioner,

v.

Civil No. 2:08-CV-13369
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN

Elbert Auther Gilbert, ("petitioner"), presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his conviction for three counts of third-degree criminal sexual conduct out of Emmet County, Michigan. In the interests of justice, the Court concludes that the proper venue for this petition would be in the Western District of Michigan and will therefore order that the petition be transferred to that district.

### I. DISCUSSION

28 U.S.C. 28 U.S.C. § 2241 (d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have

1

concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-20 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte*. *See Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

In the present case, petitioner was convicted in Emmet County, Michigan and is presently incarcerated at the Handlon Correctional Facility in Ionia, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000). Because petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district, the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. *See Carmona v. Andrews*, 357 F. 3d 535, 537-39 (5th Cir. 2004); *See also Manes v. Bell*, 2007 WL 1228093, * 1 (E.D. Mich. April 23, 2007)(because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district)(citing *Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y. 1975)). Because petitioner's conviction was imposed in a state court that was not

2

located in the Eastern District of Michigan and petitioner is not presently in custody in this district, the Court will transfer the matter to the Western District of Michigan pursuant to § 2241(d). See *Dilworth v. Johnson*, 215 F. 3d 497, 499, n. 1 (5th Cir. 2000); *Manes*, Slip. Op. at * 1.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

DATED: